UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff,* v. **LAWRENCE JOSEPH FLORENTINE**, *Defendant.* | CRIMINAL ACTION NO. 6:22-CR-01012-DCC **MOTION TO DISMISS COUNT FOUR OF INDICTMENT** |

Defendant Lawrence Florentine moves to dismiss Count Four of the Indictment pending against him pursuant to Rule 12 of the Federal Rules of Criminal Procedure. Even in the light most favorable to the Government the count fails to allege a crime against the Defendant.

### FACTS RELEVANT TO THIS MOTION

The Government filed a four-count indictment against Florentine stemming from the killing of his wife, Nicole.[1] Count One alleges interstate domestic violence resulting in death, Count Two alleges using a firearm to cause death during a crime of violence, Count Three alleges obstruction of justice, and Count Four alleges use of fire in the commission of a federal crime.

Defendants challenging an indictment for failure to allege a crime must show the indictment fails even if the allegations are true. *United States v. Thomas,* 367 F.3d 194, 197 (4th Cir. 2004). The following facts are taken from the indictment and treated as true for the purposes of this motion only, and Defendant does not concede these facts are actually true.

Count One alleges Florentine forced Nicole to travel in interstate commerce and killed her during that travel. Count Two alleges Florentine killed Nicole by shooting her.

---

[1] Nicole is referred to by her first name to avoid confusion, since she and the Defendant were married and have the same last name.

Count Four alleges fire was used in the commission of that killing.

The facts alleged in the indictment, taken as true for the purposes of this motion are that some time between June 9, 2020, and June 11, 2020, the interstate domestic violence resulting in death occurred. The indictment also alleges that the death was caused with a gun on or about June 9, 2020. Finally, the fire was used on or about June 11, 2020, to commit the killing.

The facts, treated as true for the purposes of this motion, are that Nicole was killed by a shooting and that a fire was set sometime later. However, both the dates alleged in the indictment and the manner in the which the killing was committed reveal the fire was not used in the commission of the killing charged in Count One. The Government's allegation the fire was used in the commission of the killing is incorrect because the killing was completed prior to the fire.

## ARGUMENT

**1.    The "use of fire to commit a felony" is identical to the 924(c) statute.**

Count Four alleges Florentine "use[d] fire in the commission of a felony, namely, interstate domestic violence resulting in death…" in violation of 18 U.S.C. 844(h)(1). That statute is violated when a defendant "uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States…" 18 U.S.C. § 844(h)(1). The Fourth Circuit has interpreted the fire statute as identical to 18 U.S.C. § 924(c)(1). *United States v. Barnette,* 211 F.3d 803, 814 (4th Cir. 2000). The only difference is that fire is used in the underlying crime as opposed to a gun. *Id.*

For years the term "use" was the subject of vigorous litigation in the federal courts, as lower courts allowed the Government to expand the definition of "use" to its broadest terms. The United States Supreme Court addressed the proper interpretation of the term "use" in *Bailey v. United States*. 516 U.S. 137 (1995). The Supreme Court definitively cleared up any confusion, holding the term "use" in the 924(c) statute "require[d] evidence sufficient to show an *active employment* of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." *Id*. at 143

(emphasis in original).

"Use" is given its normal and ordinary meaning, which the Supreme Court described as "to convert to one's service," "to employ," "to avail oneself of," and "to carry out a purpose or action by means of." Id. at 145 (quoting *Smith v. United States,* 508 U.S. 223, 228-229 (1993). A "use" was a reference to a firearm calculated to bring about a change in circumstances of the predicate offense. *Id.* at 148.

The same plain language view of the term "use" in the interpretation of 844(h) is fatal to the pending indictment. Based on the facts of the indictment and the language of the statute, the use of fire must have been actively employed to commit the killing. However, the indictment language reveals the killing was completed prior to the use of any fire. The fire was not actively employed to carry out the killing.

## 2. There is no case law expanding the definition of "use" in the context of 844(h) as used in this indictment.

Counsel can find no case law that supports the use of an 844(h) violation for use of fire after a crime was committed. Most of the existing case law seems to explicitly prohibit that broad interpretation.

To the extent the Government argues concealment of the predicate crime was sufficient for 844(h) to apply, there is precedent foreclosing that argument. For the "concealment" argument to be successful, the Court would have to rule that efforts related to concealing a crime are part of the crime itself. This argument has repeatedly been rejected in conspiracy cases which represent a far broader reach than the 844 statute.

In *Grunewald v. United States*, the Government sought to avoid a statute of limitations issue by arguing acts taken in furtherance of concealing a conspiracy after the object of the conspiracy was achieved were part of that conspiracy. *Grunewald v. United States,* 353 U.S. 391, 398 (1957). Conspiracy crimes are the broadest of federal crimes, described by the Supreme Court as "pervasive and wide-sweeping nets…" *Id.* at 404. Even considering those pervasive and wide-sweeping nets, the Supreme Court refused to expand the reach of a conspiracy to the subsequent concealment of a crime, noting that

the wish to not be apprehended was "…a concomitant, certainly, of every crime since Cain attempted to conceal the murder of Abel from the Lord." *Id*. at 405. Acts of concealment to cover up a crime are not part of the main criminal objective. In this case, the indictment does not allege and cannot be interpreted to allege the fire was used to kill the victim. Because of that, it fails and Count Four should be dismissed.

    Respectfully Submitted,

***s/ Joshua Snow Kendrick***
Joshua Snow Kendrick (Fed ID 9037)
KENDRICK & LEONARD, P.C.
7 Mills Avenue (29605)
P.O. Box 6938
Greenville, SC 29606
Tel: (864) 760-4000
Josh@KendrickLeonard.com

Ryan L. Beasley
RYAN L. BEASLEY LAW OFFICE
416 East North Street
Greenville, SC 29601
(864) 679-7777

Eric Eckes
PINALES STACHLER YOUNG & BURRELL
455 Delta Avenue, Suite 105
Cincinnati, OH
(513) 252-2750
*Pro hac vice*

Greg Coulson
COULSON LAW OFFICE
157 N. Limestone
Lexington, KY 40507
(859) 412-1903
*Pro hac vice*

ATTORNEYS FOR THE DEFENDANT

October 11, 2023
Greenville, South Carolina