IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | CR. No. 6:22-cr-01012-DCC-1 |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Lawrence Joseph Florentine ) | |
| ) | |
| _____ ) | |

This matter comes before the Court on Defendant Lawrence Joseph Florentine's Motion to Dismiss Count Four of Indictment. ECF No. 91. The Government filed a Response in Opposition, and Defendant filed a Reply. ECF Nos. 100, 103. A hearing was then held. ECF No. 108. After due consideration of the parties respective positions and arguments, the Motion to Dismiss Count Four of Indictment is denied.

## BACKGROUND

On December 13, 2022, a federal grand jury indicted Defendant on four counts: (Count 1) interstate domestic violence resulting in death, in violation of 18 U.S.C. §§ 2261(a)(2) and 2261(b)(1); (Count 2) use of a firearm to cause death during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1); (Count 3) obstruction of justice, in violation of 18 U.S.C. § 1519; and (Count 4) use of fire during the commission of a felony, in violation of 18 U.S.C. § 844(h). ECF No. 30. On October 12, 2023, Defendant filed a Motion to Dismiss Count Four of Indictment. ECF No. 91. On October 17, 2023, Defendant pled guilty to Counts 1, 2, 3, and 4 under the terms of a written plea agreement reserving his right to appeal any adverse decision of this Court with respect to the pending Motion. ECF Nos. 93, 95, 97. The Government filed a Response in Opposition on November 3, 2023. ECF No. 100. On November 14, 2023, Defendant

filed a Reply to the Government's Response.  ECF No. 103.  On January 18, 2024, the Court held a hearing with respect to Defendant's Motion.  ECF No. 108.  On January 21, 2024, the Government filed a letter as a Supplemental Response and Authority to Defendant's Motion to Dismiss Count Four, and on January 22, 2024, Defendant filed a letter in response.  ECF Nos. 109, 110.  Accordingly, Defendant's Motion to Dismiss Count Four of Indictment is now before the Court.

## APPLICABLE LAW

Under Federal Rule of Criminal Procedure 12(b)(3)(B), a defendant may, by a pretrial motion, challenge "a defect in the indictment or information[.]"  *Id.*  "To overcome a Rule 12 motion, the indictment must include every essential element of the offense." *United States v. Chacona*, 633 F. Supp. 3d 751, 755 (E.D.N.C. 2021) (citing *United States v. Perry*, 757 F.3d 166, 171 (4th Cir. 2014)).  An indictment is sufficient so long as it apprises "the defendant [of] all that he needs to show for his defense[.]"  *United States v. Cobb*, 905 F.2d 784, 790 (4th Cir. 1990) (citations omitted).  In addition, "the indictment must include every essential element of [the] offense[.]"  *United States v. Kingrea*, 573 F.3d 186, 191 (4th Cir. 2009).  "It is . . . sufficient that an indictment set forth the offense in the words of the statute itself[.]"  *Perry*, 757 F.3d at 171 (citations omitted).  An indictment that satisfies this standard is "valid on its face," and the court may not "review the sufficiency of evidence supporting an indictment[.]"  *United States v. Wills*, 346 F.3d 476, 488–89 (4th Cir. 2003).  "A district court may dismiss any indictment under Rule 12 'where there is an infirmity of law in the prosecution; a court may not dismiss an indictment, however, on a determination of facts that should have been developed at trial.'"  *United States v. Engle*, 676 F.3d 405, 415 (4th Cir. 2012) (quoting *United States*

*v. Snipes*, 611 F.3d 855, 866 (11th Cir. 2010) (citation and internal quotation marks omitted)). If a defendant files a Motion under Rule 12(b)(3)(B), "[a] court cannot grant the motion to dismiss . . . if a defendant's legal contentions are inextricably bound up with the facts of the case." *United States v. Regaldo*, 497 F. Supp. 3d 56, 58 (E.D.N.C. 2020) (citations omitted).

## DISCUSSION

Defendant moves to dismiss Count 4 because no case law "supports the use of an [18 U.S.C. §] 844(h) violation for use of fire after a crime was committed." ECF No. 91 at 2–3. Defendant contends, in part, that "use" as incorporated in 18 U.S.C. § 844(h) should be given the same meaning as "use" in 18 U.S.C. § 924(c), which requires active employment of a firearm. *Id.* Defendant contends that the indictment is insufficient because it does not allege that Defendant actively employed fire to commit the killing because "the indictment language reveals the killing was completed prior to the use of any fire." *Id.* at 3.

In contrast, the Government contends that Count 4 of the indictment is sufficient on its face and that there is no basis for dismissal. ECF No. 100 at 2. Specifically, the Government contends that the language in Count 4 of the indictment closely tracks 18 U.S.C. § 844(h) and, as a result, "provides the Defendant with sufficient notice of the charge against him." *Id.* at 3. In addition, the Government contends that Count 4's factual allegations are sufficient to the extent they allow Defendant "to plead double jeopardy in a subsequent prosecution for the same offense" because the factual allegations identify the facts constituting a violation of 18 U.S.C. § 844(h), "including the felony offense on which Count 4 is based[.]" *Id.* The Government stresses that Defendant's arguments are

3

evidentiary arguments based on his contention that he did not use fire within the meaning of 18 U.S.C. § 844(h) and fail to challenge the indictment on a legal basis that it did not plead sufficient facts. *Id.* In response, Defendant contends that "[r]egardless of the language in the indictment and its recitation of the statutory language, [the indictment] does not charge a crime that could possibly have been committed even if every factual allegation in the indictment is accepted as true." ECF No. 103 at 2.

After careful consideration of the record, the arguments of the parties, and the applicable law, the Court denies Defendant's Motion to Dismiss Count Four of Indictment.

> [A]n indictment is legally sufficient (1) if it alleges the essential elements of the offense, that is, it fairly informs the accused of what he is to defend; and (2) if the allegations will enable the accused to plead an acquittal or conviction to bar a future prosecution for the same offense.

*United States v. Rendelman*, 641 F.3d 36, 44 (4th Cir. 2011) (citing *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002); Fed. R. Crim. P. 7(c)(1)). "In general, an indictment need not contain detailed factual allegations to satisfy this standard." *United States v. Habteyes*, 356 F. Supp. 3d 555, 558 (E.D. Va. 2018) (citing *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007). In ruling on a motion to dismiss an indictment, a district court may not rely on "facts that should have been developed at trial." *Engle*, 676 F.3d at 415 (quoting *Snipes*, 611 F.3d at 866) (citation and internal quotation marks omitted)). However, "a district court may consider a pretrial motion to dismiss an indictment where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts." *United States v. Weaver*, 659 F.3d 353, 355 n.* (4th Cir. 2011) (citations omitted). "Dismissals under this exception are not made on account of a lack of evidence to support the

4

government's case, but because undisputed evidence shows that, as a matter of law, the Defendant could not have committed the offense for which he was indicted." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006).

Here, dismissal of Count 4 of the indictment is unwarranted because the indictment is sufficient on its face. Under 18 U.S.C. § 844(h)(1), an individual commits a crime when the individual "uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States[.]" *Id.* As to Count 4, the indictment charges:

> That on or about June 11, 2020, in the District of South Carolina and elsewhere, the Defendant . . . did knowingly use fire in the commission of a felony, namely, interstate domestic violence resulting in death, as charged in Count 1, in violation of Title 18, United States Code, Section 2261(a), which is prosecutable in a court of the United States[.]

ECF No. 30 at 3. Count 4 satisfies the requirements of 18 U.S.C. § 844(h)(1) in that it charges Defendant with the statute's essential elements: a "defendant (1) 'use[d] fire or an explosive' (2) 'to commit [a] felony.'" *United States v. Martin*, 523 F.3d 281, 288 (4th Cir. 2008) (citing 18 U.S.C. § 844(h)(1)). Count 4 charges Defendant with using fire to commit a felony, i.e., interstate domestic violence resulting in death, which may be prosecuted in a court of the United States. ECF No. 30 at 3.

Under 18 U.S.C. § 2261(a)(2), an individual commits interstate domestic violence when the individual:

> [T]ravels in interstate . . . commerce . . . with the intent to kill, injure, harass, or intimidate a spouse, intimate partner, or dating partner, and who, in the course of or as a result of such travel or presence, commits or attempts to commit a crime of violence against that spouse, intimate partner, or dating partner[.]

*Id.* Under 18 U.S.C. § 2661(b)(1), an individual shall be subject to a term of life

5

imprisonment or any term of years if the interstate domestic violence results in death. *Id.* Count 4 is based on Count 1,[1] which charges:

> That between on or about June 9, 2020 and June 11, 2020, in the District of South Carolina and elsewhere, the Defendant . . . did knowingly and unlawfully cause his spouse and intimate partner . . . to travel in interstate commerce by force, coercion, duress and fraud, and in the course of an to facilitate such conduct and travel, did commit a crime of violence, namely murder, . . . which resulted in the death of [the victim.]

ECF No. 30 at 1.

Count 4 is also sufficient because "the allegations [contained therein] will enable [Defendant] to plead an acquittal or conviction to bar a future prosecution for the same offense." *Rendelman*, 641 F.2d at 44 (citing *Brandon*, 298 F.3d at 310; Fed. R. Crim. P. 7(c)(1)). Count 4 adequately identifies the facts and circumstances of the particular violation of 18 U.S.C. § 844(h)(1), i.e., that Defendant on or about June 11, 2020, used fire to commit a felony—interstate domestic violence resulting in death, to enable

---

[1] Count 1 is likewise sufficient on its face because it satisfies 18 U.S.C. §§ 2261(a)(2) and 2261(b)(1)'s essential elements.

> [The] . . . elements of interstate domestic violence . . . are (1) the defendant and victim are spouses or intimate partners; (2) the defendant caused the victim to travel in interstate commerce by force, coercion, duress, or fraud; (3) the defendant, in the course of or to facilitate such travel, committed a crime of violence against the victim; and (4) the defendant committed such acts knowingly and willfully.

*United States v. Faulls*, 821 F.3d 502, 510 (4th Cir. 2016) (citing 18 U.S.C. § 2261(a)(2)). "Section 2261(b)(1) adds the additional element of 'death of the victim results.'" *United States v. Keller*, CR. No. 5:10-cr-00015, 2023 WL 7983604, at *6 (W.D. Va. Nov. 17, 2023). Count 1 charges Defendant with knowingly causing his spouse and intimate partner to travel in interstate commerce by force or other means and in the course of such conduct committed a crime of violence, i.e., murder. ECF No. 30 at 1.

Defendant to plead double jeopardy in a subsequent prosecution for the same offense.

The Fourth Circuit has recognized that, in some cases, a court may look beyond the indictment to the evidence supporting the charges alleged in the indictment.  *See Weaver*, 659 F.3d at 355 n.* (stating that "a district may consider a pretrial motion to dismiss an indictment where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts") (citations omitted).  However, in the present case, the parties dispute the pertinent facts.  While the Government acknowledges in its Response that "[u]nder the particular circumstances of this case, the Government does not object to the Court's consideration of the undisputed facts[,]" ECF No. 100 at 4–5, at the hearing held on January 18, 2024, the parties disagreed as to significant facts, ECF No. 108.  Count 1 states that interstate domestic violence resulting in death occurred "between on or about June 9, 2022 and June 11, 2020," and Count 4 states that use of fire during the commission of a felony occurred "on or about June 11, 2020[.]"  ECF No. 30 at 1, 3.  The dates overlap, and the Government does not concede a specific date or time at which the shooting or burning of the victim occurred.  *See* ECF No. 108.  Thus, because the parties dispute the pertinent facts, the Court may not reach the evidence supporting the charges alleged in the indictment and any arguments associated therewith[2] in deciding Defendant's Motion to Dismiss Count Four of Indictment.  Accordingly, the indictment is sufficient as to the

---

[2] The Court denies Defendant's Motion because the indictment is sufficient on its face for the reasons stated above and because the Court may only consider the sufficiency of the indictment because the parties dispute pertinent facts.  As a result, the Court does not reach whether "use" as applied in 18 U.S.C. 924(c) extends to 18 U.S.C. § 844(h)(1) and whether "use[] fire or an explosive to commit any felony" under 18 U.S.C. § 844(h)(1) encompasses concealment after the felony has been completed.

charge or charges set forth in Count 4.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss Count Four of Indictment [91] is **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

January 29, 2024
Spartanburg, South Carolina