IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | CR. No. 6:22-cr-01012-DCC-1 |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| Lawrence Joseph Florentine | ) | |
| | ) | |
| _____ | ) | |

This matter comes before the Court on Defendant Lawrence Joseph Florentine's Motions to Reconsider Ruling on Motion to Dismiss and for an Evidentiary Hearing.[1] ECF Nos. 115, 123. The Government filed a Response in Opposition to the Motion to Reconsider, Defendant filed a Reply, and the Government filed a Response in Opposition to Defendant's Motion for Evidentiary Hearing. ECF Nos. 119, 123, 126. For the reasons set forth below, Defendant's Motions to Reconsider Ruling on Motion to Dismiss and for an Evidentiary Hearing are denied.

## BACKGROUND

On December 13, 2022, a federal grand jury indicted Defendant on four counts: (Count 1) interstate domestic violence resulting in death, in violation of 18 U.S.C. §§ 2261(a)(2) and 2261(b)(1); (Count 2) use of a firearm to cause death during a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(j)(1); (Count 3) obstruction of justice, in violation of 18 U.S.C. § 1519; and (Count 4) use of fire during the commission of a felony, in violation of 18 U.S.C. § 844(h). ECF No. 30. On October 12, 2023,

---

[1] In his Reply, Defendant requests an evidentiary hearing "if the matter cannot be resolved in the current procedural posture[.]" ECF No. 123 at 3. The Court construes Defendant's request as a Motion for an Evidentiary Hearing.

Defendant filed a Motion to Dismiss Count Four of Indictment.  ECF No. 91.  On October 17, 2023, Defendant pled guilty to Counts 1, 2, 3, and 4 under the terms of a written plea agreement reserving his right to appeal any adverse decision of this Court with respect to the Motion to Dismiss.  ECF Nos. 93, 95, 97.  On January 29, 2024, the Court denied Defendant's Motion to Dismiss Count Four of Indictment.  ECF No. 111.  On February 9, 2024, Defendant filed a Motion to Reconsider Ruling on Motion to Dismiss.  ECF No. 115.  The Government filed a Response in Opposition on February 23, 2024, and on March 8, 2024, Defendant filed a Reply, which included a request for an evidentiary hearing.  ECF Nos. 119, 123.  On March 18, 2024, the Government filed a Response in Opposition to Defendant's Motion for Evidentiary Hearing.  ECF No. 126.  Accordingly, Defendant's Motions to Reconsider Ruling on Motion to Dismiss and for an Evidentiary Hearing are now before the Court.

## **APPLICABLE LAW**

While the Federal Rules of Criminal Procedure do not provide for a motion for reconsideration, "[t]he Court may entertain a motion for reconsideration before the entry of judgment in a criminal case."  *United States v. Wilder*, CR. No. 4:22-cr-00433-RBH, 2023 WL 8242211, at *1 (D.S.C. Nov. 28, 2023) (citing *United States v. Breit*, 754 F.2d 526, 530 (4th Cir. 1985));  *see also United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011) ("Although the Federal Rules of Criminal Procedure do not authorize a motion for reconsideration, 'motions to reconsider in criminal prosecutions are proper.'") (quoting *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010)).  Given the procedural posture of this case, the proper standard for reconsideration is under Federal Rule of Civil Procedure 54(b).  *See* Fed. R. Civ. P. 54(b) ("[Any order] that 'adjudicates fewer than all

2

the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'"). The Fourth Circuit has held that that motions under Rule 54(b) are "not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003); *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (finding it "unnecessary to thoroughly express [Fourth Circuit's] views on the interplay of Rules 60, 59, and Rule 54"). In deciding these motions, district courts have looked to the standards of motions under Rule 59 for guidance. "Therefore, reconsideration under Rule 54(b) is appropriate on the following grounds: (1) to account for an intervening change in controlling law; (2) to account for newly discovered evidence; or (3) to correct a clear error of law or prevent manifest injustice." *South Carolina v. United States*, 232 F. Supp. 3d 785, 793 (D.S.C. 2017).[2] A motion to reconsider an

---

[2] Courts in this district have recognized that:

> The Fourth Circuit has suggested that the law of the case doctrine has evolved as a means of guiding a district court's discretion in deciding a Rule 54(b) motion for reconsideration of an interlocutory order. *Am. Canoe Ass'n*, 326 F.3d at 515. Under the law of the case doctrine, an earlier decision of the court becomes the law of the case and must be followed unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Sejman v. Warner–Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir. 1988) (internal quotation marks omitted), cited with approval in *Am. Canoe Ass'n*, 326 F.3d at 515. This court notes that the three reasons for overcoming the law of the case doctrine mirror the three reasons for granting relief under Rule 59(e). *See United States v. Duke Energy Corp.*, C.A. No. 1:00-cv-1262, 2014 WL 4659479, at *3 n.4 (M.D.N.C. Sept. 17, 2014).

interlocutory order is not an appropriate vehicle to rehash arguments already considered by the court because the movant is displeased with the outcome. *See Ashmore v. Williams*, C.A. No. 8:15-cv-03633-JMC, 2017 WL 24255, at *3 (D.S.C. Jan. 3, 2017); *Sanders v. Wal-Mart Stores E.*, C.A. No. 1:14-cv-03509-JMC, 2016 WL 6068021, at *3 (D.S.C. Oct. 17, 2016). Nor may a movant raise new arguments or evidence that could have been raised previously. *See Nationwide Mut. Fire Ins. Co. v. Superior Sol., LLC*, C.A. No. 2:16-cv-423-PMD, 2016 WL 6648705, at *2 (D.S.C. Nov. 10, 2016); *Regan v. City of Charleston*, 40 F. Supp. 3d 698, 701 (D.S.C. 2014). In assessing a motion under Rule 54(b), these standards are not as strictly applied as they would be if the order were a final judgment and reconsideration were sought under Rule 59(e). *Am. Canoe Ass'n*, 326 F.3d at 514–15.

## **DISCUSSION**

Defendant moves the Court to reconsider its ruling on his prior Motion to Dismiss.[3] ECF No. 115 at 1. Defendant argues that the date of the victim's death is clear from the indictment because as allegedly indicated in the indictment "[the victim] was shot on June

---

*South Carolina v. United States*, 232 at 793. The Fourth Circuit has clarified that "[t]his standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of new evidence not available at trial." *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation marks and citation omitted).

[3] Both parties extensively argue about whether "use" as applied in 18 U.S.C. § 924(c) extends to 18 U.S.C. § 844(h)(1) and whether "use[] fire or an explosive to commit any felony" under 18 U.S.C. § 844(h)(1) encompasses concealment after the felony has been completed. *See* ECF Nos. 115 at 2; 119 at 3–5; 123 at 3; 126 at 3. As indicated in the Court's prior Order, the Court may only consider the facial sufficiency of the indictment because the parties dispute pertinent facts, and, thus, the undersigned does not reach the above issues.

9, 2020.]" *Id.* at 2.  Further, Defendant relies, in part, on the Court's prior Order, which stated that "the Government does not concede a specific date or time at which the shooting or burning of the victim occurred." *Id.*  Defendant argues that the Government does not need to concede a specific date because Count 2 alleges a shooting that occurred on June 9, 2020, and Count 4 alleges that a "fire was used on June 11, 2020,[4] to commit interstate domestic violence resulting in death." *Id.*  Defendant asserts that "[t]here is no real dispute about the facts in this case." *Id.* at 3.  Moreover, Defendant contends that the dispute in this case is manufactured because "[t]he Government cannot charge a shooting on June 9 that caused a death and then argue that was not accurate." *Id.*

In contrast, the Government argues that the Court should deny Defendant's Motion, in part, because "[t]here exists a genuine dispute between the parties regarding the pertinent facts."  ECF No. 119 at 2.  The Government concedes that Defendant killed the victim by shooting her in the head; however, "[t]he Government does not concede . . . 1) that the victim was killed on June 9, 2020, or 2) that the victim was burned and buried on June 11, 2020."  *Id.*

In reply, Defendant again requests the Court to reconsider its prior ruling on his Motion to Dismiss because the ruling does not reach the merits of his prior Motion, which

---

[4] Count 2 of the indictment alleges "[t]hat on or about June 9, 2020, . . . Defendant . . . knowingly did use and carry a firearm during and in relation to a crime of violence, as charged in Count 1[.]"  ECF No. 30 at 2.  Count 4 of the indictment alleges "[t]hat on or about June 11, 2020, . . . Defendant . . . did knowingly use fire in the commission of a felony, namely, interstate domestic violence resulting in death, as charged in Count 1[.]"  *Id.* at 3.  Defendant argues that the "on or about" language is irrelevant because "the dates are different" and because the "on or about" language "cannot be used to expand the date for choate crimes beyond some specific point in time."  ECF No. 115 at 2 n.1.

5

Defendant argues does not preserve the matter for appeal. ECF No. 123 at 1. Defendant contends that he conditioned his plea agreement "on the right to appeal a ruling on the motion to dismiss[,]" and "[w]ithout preserving that right, Defendant was not willing to enter a plea in this case." *Id.* at 2. Defendant argues that because the Government disputes facts and will not concede the date on which the victim's death occurred nor the date on which Defendant used fire to burn the victim's body, the right to appeal no longer exists. *Id.* Further, Defendant asserts that the victim's date of death is not guesswork because "[t]he Government listed factual support for [the date of death] in the Complaint filed to initiate this case" and because "the Government was provided evidence that the death occurred from a gunshot wound at a motel on June 9 by the defense[.]" *Id.* at 3. In the alternative, Defendant requests that the Court hold sentencing in abeyance and hold an evidentiary hearing to resolve the disputed facts. *Id.*

In response to Defendant's request for an evidentiary hearing, the Government contends that the request should be denied "because Rule 12(b) does not authorize the Court to resolve disputed facts." ECF No. 126 at 1. Moreover, the Government contests Defendant's conclusions "regarding the precise dates of his offenses." *Id.* at 2. Specifically, "[t]he Government does not stipulate that 1) Florentine killed the victim on June 9, 2020, or 2) that he used fire on June 11, 2020 to burn the victim." *Id.* The Government asserts that it would be improper for the Court to hold an evidentiary hearing to resolve disputed facts. *Id.*

After careful consideration of the record, the arguments of the parties, and the applicable law, the Court denies Defendant's Motions to Reconsider Ruling on Motion to Dismiss and for an Evidentiary Hearing. "The Fourth Circuit has found three grounds for

granting a motion for reconsideration under Federal Rule of Civil Procedure 54(b): '(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice.'" *Wilder*, 2023 WL 8242211, at *2 (quoting *U.S. Tobacco Coop. Inc. v. Big S. Wholesale of Virginia, LLC*, 899 F.3d 236, 257 (4th Cir. 2018)).

Here, Defendant has failed to articulate any sufficient basis for the Court to grant his Motion to Reconsider. Defendant does not argue any ground related to "a subsequent trial producing substantially different evidence", "a change in applicable law", or "clear error causing manifest justice." Instead, Defendant contends that the merits of his Motion to Dismiss are not properly preserved for appeal and that he did not obtain what he "bargained for in reaching the plea agreement." ECF No. 115 at 1. Given the lack of any mention of a subsequent trial or change in applicable law, Defendant's arguments can only be construed as "clear error causing manifest justice[;]" however, these arguments fail to satisfy the thresholds required for a finding of "clear error" and "manifest injustice."

> A finding of clear error requires a "definite and firm conviction that a mistake has been committed." This does not mean "just maybe or [even] probably wrong." Clear error requires the "prior decision . . . [to] strike [the Court] with the force of a five-week-old, unrefrigerated dead fish." "It must be dead wrong." Manifest injustice is similarly demanding. It requires showing "a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy."

*Kokinda v. Foster*, C.A. No. 3:21-cv-00154, 2024 WL 1099309, at *3 (N.D.W. Va. Mar. 13, 2024) (internal citations omitted).

The Court also notes that the "on or about" language included in Counts 1, 2, 3, and 4 of the indictment is sufficient to cover more than the stated date and is a proper

7

framing for an indictment.  *See United States v. Castillo*, 140 F.3d 874, 885 (10th Cir. 1998) (stating that "when an indictment uses the terminology 'on or about,' proof of a date reasonably near to the specified date is sufficient") (citations omitted).  Also, the Court is limited to a facial review of the indictment on Defendant's Motion to Dismiss unless the underlying facts are undisputed.  *See United States v. Weaver*, 659 F.3d 353, 355 n* (4th Cir. 2011) (stating that "a district may consider a pretrial motion to dismiss an indictment where the government does not dispute the ability of the court to reach the motion and proffers, stipulates, or otherwise does not dispute the pertinent facts") (citations omitted).  Here, that is not the case.

Moreover, because nothing has changed as to disputed facts or facial sufficiency of the indictment, an evidentiary hearing is not required.  Accordingly, Defendant's Motions to Reconsider Ruling on Motion to Dismiss[5] and for an Evidentiary Hearing are

---

[5] The Court also finds that Defendant's Motion fails under Federal Rule of Civil Procedure 59(e).  Rule 59(e) allows a party to seek an alteration or amendment of a previous order of the court.  Fed. R. Civ. P. 59(e).  Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice."  *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994).  It is the moving party's burden to establish one of these three grounds in order to obtain relief.  *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012).  The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court.  *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995).  A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind."  *Lyles v. Reynolds*, C.A. No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).  Here, Defendant fails to articulate any basis under Rule 59(e) that would allow the Court to grant Defendant's Motion.  Defendant has not alleged "an intervening change in the controlling law," "new evidence that was not available at trial," or, as discussed above, "that there has been a clear error of law or a manifest injustice."  Accordingly, the Court also denies Defendant's Motion to Reconsider Ruling on Motion to Dismiss under Rule 59(e).

8

denied.[6]

## **CONCLUSION**

For the reasons set forth above, Defendant's Motions to Reconsider Ruling on Motion to Dismiss [115] and for an Evidentiary Hearing [123] are **DENIED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

March 26, 2024
Spartanburg, South Carolina

---

[6] The Court recognizes that the standards under Rule 54(b) are not as stringent as the standards under Rule 59(e).  See *Am. Canoe Ass'n*, 326 F.3d at 514–15.  However, as other courts in this district have recognized, a motion for reconsideration under Rule 54(b) "is not an appropriate vehicle to rehash arguments already considered by the court because the movant is displeased with the outcome."  See *Ashmore*, 2017 WL 24255, at *3.  Such is the case here.