IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO: 6:22-cr-1012-DCC |
| v. | |
| LAWRENCE JOSEPH FLORENTINE | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA TO COUNT 4**

The United States of America, by and through the by and through the undersigned counsel, hereby files the Government's Response in Opposition to Defendant's Motion to Withdraw Guilty Plea to Count 4. For the following reasons, the Court should deny the motion.

I. **BACKGROUND**

On December 13, 2022, a grand jury returned a four-count indictment charging the defendant with interstate domestic violence resulting in death, in violation of 18 U.S.C. § 2261(a)(2); use of a firearm in the furtherance of a crime of violence, that is murder, to cause death, in violation of 18 U.S.C. §§ 924(c), (j); obstruction of justice, in violation of 18 U.S.C. § 1519; and use of fire to commit interstate domestic violence, in violation of 18 U.S.C. § 844(h). ECF No. 31. On October 12, 2023, pursuant to F.R.Crim.P. 12(b), the defendant moved to dismiss Count 4 of the indictment. ECF No. 91.

On October 16, 2023, after extensive negotiations, the defendant, his four lawyers, and the government filed a plea agreement. ECF No. 93, Plea Agreement. Under the terms of the plea agreement, the defendant agreed to plead guilty to Counts 1, 2, 3 and 4. *Id*. Pursuant to Fed.R.Crim.P. 11(a)(2), the defendant preserved the right to appeal any adverse decision by the

Court on his then-pending motion to dismiss Count 4. *Id*. at ¶ 11. The defendant pled guilty on October 17, 2024. Post-plea and after extensive briefing by the parties, the Court denied the defendant's motion to dismiss and, on March 26, 2024, denied his motion for reconsideration of its order denying his motion to dismiss. ECF Nos. 111, 132. Sentencing in the case is set for April 8, 2024. On April 2, 2024, the defendant moved to vacate his plea on Count 4. ECF No. 140.

## II.     ARGUMENT

A defendant has no absolute right to withdraw a guilty plea. *United States v. Moore*, 931 F.2d 245 (4th Cir. 1991); *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009). Under Fed.R.Crim.P. 11(d)(2)(B), the defendant bears the burden of demonstrating to the district court a "fair and just reason for requesting the withdrawal." *Thompson-Riviere*, 561 F.3d at 348; *Moore*, 931 F.2d at 248. A "fair and just" reason for withdrawing a plea is one that challenges "either the fairness of the Rule 11 proceeding wherein the defendant tendered, and the court accepted the plea, or the fulfillment of a promise, or the fulfillment of a promise or condition emanating from the proceeding." *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992).

> A.     Florentine fails to satisfy the criteria to withdraw his guilty plea. He has shown no "fair and just" reason to allow him to withdraw his plea.

The Court is thoroughly familiar with the six factors to be considered in ruling on a defendant's motion to withdraw his guilty plea: (1) the existence of credible evidence that the plea was not knowing and voluntary; (2) credible assertions by the defendant of his legal innocence; (3) any delay between the entry of the plea and the motion to withdraw; (4) the assistance of competent counsel in connection with the plea; (5) any prejudice to the government and (6) any inconvenience to the judicial system. *United States v. Moore,* 931 F.2d 245, 248 (4th Cir. 1991). The Fourth Circuit has stated that the factors that speak most straightforwardly to the question of whether the movant has established a fair and just reason to upset settled systemic

expectations by withdrawing a plea are the first, second and fourth *Moore* factors. *United States v. Sparks,* 67 F.3d 1145, 1154 (4th Cir. 1995). Taken together, the *Moore* factors weigh against the defendant's motion to withdraw his plea.

1. The existence of credible evidence that the plea was not knowing and voluntary.

The defendant's motion to withdraw his plea to Count 4 is solely based on the argument that because the Court, in denying the motion to dismiss, did not reach the merits of his argument the issue raised in his motion is not preserved for appeal. The defendant claims that he has been denied the benefit of his bargain. The government disagrees.

The starting point for analysis is the plea agreement between the parties. In exchange for his guilty plea, the defendant bargained for and received the right to appeal any adverse decision on his motion to dismiss. ECF No. 93, ¶ 11. The defendant seeks the benefit of a promise that the government did not explicitly nor implicitly make. The government is bound only by the promises it actually made to induce a defendant's plea. *United States v. Dawson,* 587 F.3d 640, 645 (4th Cir. 2009). Nothing that transpired at the Rule 11 hearing changed the unambiguous language in the plea agreement to create a promise where one did not otherwise exist.

At the hearing, the defendant, under oath, told the Court that he entered into the agreement freely and that he understood all of its provisions. ECF No. 128, Plea Tr., p. 26-33. The Court asked the defendant whether before signing it, he had a full and complete opportunity to review it, study it, and to go over the plea agreement with his attorneys, and whether he understood each and every provision in the agreement. The defendant answered affirmatively. Plea Tr., pp. 25-26. He then told the Court that at the time he signed the agreement, he did so freely, voluntarily, and knowingly. Plea Tr., p. 26. To ensure the defendant's understanding of the plea agreement was consistent with the government's, the government summarized the agreement, including the appeal

waiver provision. Plea Tr., p. Plea Tr., pp. 26-31. Thereafter, the defendant again told the Court that he understood, that he agreed with the provisions and that the government's summary of the plea agreement was consistent with his understanding of the terms of the agreement. Plea Tr., pp. 32. When asked whether he wanted the court to approve an accept the agreement, the defendant responded, "Yes, your honor." Plea Tr., p. 32. The Court then specifically addressed the appeal waiver provision including the defendant's limited right to appeal any adverse decision as to Count 4, which the defendant again indicated he understood and told the Court once again that he wished to plead guilty. Plea Tr., pp. 32-33.

The Court specifically asked the defendant whether anyone had "promised him anything or guaranteed him anything about what your sentence will be, or about anything else to induce [you] to plead guilty." Plea Tr., pp. 32-33. The defendant denied that his plea was induced by any promise, threat, or pressure. Plea Tr., p. 33. The Court then heard the government's proffer of evidence. Plea Tr., pp. 34-37. The defendant acknowledged and agreed to the material facts proffered establishing his guilt and stated that he was guilty of the offenses and that he still wished to plead guilty pursuant to his agreement. Plea Tr., p. 38. Thereafter, the Court found that the defendant had entered his plea freely, voluntarily, and knowingly and that the plea was supported by independent factual basis containing each of the essential elements of each of the offenses. Plea Tr., p. 39. The Court accepted the plea and adjudged the defendant guilty of the offenses charged in the indictment. Plea Tr., p. 39.

Florentine's statements during the Rule 11 proceeding constitute strong evidence of his understanding of the plea agreement and the voluntariness of his plea. *United States v. Lemaster,* 403 F.3d 216, 221 (4th Cir. 2005) ("a defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity,' "). The truth of his sworn

statements during the Rule 11 colloquy are "conclusively established" under *Lemaster,* and he has failed to show any extraordinary circumstances that would rebut this presumption. In the absence of extraordinary circumstances, bare allegations which are contrary to testimony given during a Rule 11 colloquy are "palpably incredible and patently frivolous or false." *Id.* at 222. The Court should dismiss any motion that necessarily relies on allegations that contradict the sworn statements." *Id.* As he affirmed during the colloquy, nothing in the record suggests the defendant entered his plea relying on any promise, representation or stipulation outside the plea agreement. Plea Agreement, ¶ 13; Plea Tr., p. 30-32.

Whether or not the basis on which the Court denied his motion to dismiss altered the calculus underlying the defendant's decision to accept a plea agreement, it does not undermine the voluntariness of his plea at the time it was entered. *United States v. Ubakanma* 215 F.3d 421, 424 (4th Cir. 2000) (defendant's claim of being misinformed by counsel in a "conclusory post-plea assertion that his plea was not knowing and voluntary fail[ed] to overcome the barrier of the sworn statements made at his Rule 11 hearing"). A defendant's misapprehension of the collateral consequences of his plea does not render his plea involuntary. *United States v. Wagner*, 88 Fed. App'x 593, 594 (4th Cir. 2004) (unpublished) ("defendant must know the direct consequences of his guilty plea in order for it to be knowing and voluntary…" concluded the defendant's guilty plea was not rendered unknowing and involuntary merely because defendant was not informed that his unconditional guilty plea would not preserve appeal on any pre-trial motions). The Supreme Court has repeatedly stated that, "absent misrepresentation or other impermissible conduct by state agents, a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Brady v. United States*, 397 U.S. 742, 757 (1970). The Supreme Court

recently reaffirmed the *Brady* holding in *United States v. Ruiz,* 563 U.S. 622 (2002), where it rejected a constitutional challenge to a plea agreement waiver in which the defendant waived her right to disclosure of impeachment material. In rejecting the defendant's claim that the waiver was unconstitutional and rendered her plea involuntary, the Court, citing *Brady,* remarked that the Constitution "does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea with its accompanying waiver of various constitutional rights, despite various forms of misapprehension under which a defendant may labor." *Id.* at 630-31 (citations omitted).

Equally compelling is the fact that the defendant cannot show that he has suffered any prejudice as a result of the confusion in the Rule 11 proceeding he now claims. The government believes the issue raised in his motion is preserved and it has no intention to renege on its promise by raising a preservation issue in the Fourth Circuit. The defendant's claim that this plea was unknowing and involuntary at the time he pled guilty is based solely on his forecast of proceedings in the Fourth Circuit. Having demonstrated no prejudice, he is entitled to no relief. The Court should find the first *Moore* factor weighs in favor of denying the pending motion.

### 2. Whether the Defendant has credibly asserted his legal innocence.

Relying on the legal arguments in his motion to dismiss, the defendant contends that he is innocent of the charge in Count 4 to which he pled guilty. Motion, p. 6-7. There is no instance on the record, credible or otherwise, that the defendant, at any point during the proceedings, asserted his innocence. Nor has the defendant *credibly* asserted his innocence with his mere statement that he is now innocent. *See*, *United States v. Bowman,* 398 F.3d 408, 415 (4th Cir. 2003). In fact, after hearing the government's factual proffer at the Rule 11 hearing, to which he could have declined to agree, the defendant specifically acknowledged his guilt:

6

| | |
|---|---|
| Court: | …But with respect to those facts setting out your role in this and what you did and subject to any argument about the legal effect that you may have reserved in the plea agreement, do you agree with what the government says you did? |
| Defendant: | Yes, Your Honor. |
| Court: | And are you guilty of those offenses? |
| Defendant: | I am, Your Honor. |

Plea Tr., p. 38. This factor also weighs in favor of denying the defendant's motion.

### 3. Any delay between the entry of the plea and the motion to withdraw.

The time lapse in this case is a neutral factor. However, the defendant moved to withdraw his plea a mere six days before his sentencing and after he was put on notice that Court would consider an upward departure or variance. His actions support a conclusion that he decided to move to withdraw his plea not because he had a credible objection to assert, but because the reality of the sentence he faced was brought home to him by the looming sentence date.

### 4. The assistance of competent counsel in connection with the plea.

The instant motion is a reflection of the defendant's four attorneys' competence in representing him throughout the proceedings in this case. Even though he expressed his satisfaction with the services of his attorneys at the Rule 11 colloquy, (Plea Tr., pp. 8-9), he now seeks to rely on improper advice from counsel to establish the "fair and just" reason for the withdrawal of his plea of guilty. As such, he must demonstrate that the performance of his attorneys "fell below an objective standard of reasonableness" and he was prejudiced to the degree that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *United State v. Lambey,* 974 F.2d 1389, 1394 (4th Cir. 1992 (en banc)), *United States v. DeFrietas,* 865 F.2d 80, 82 (4th Cir. 1989), quoting from *Hill v. Lockhart,* 474 U.S. 52, 57 (1970). The defendant's responses under oath during the Rule

11 colloquy do not support his allegations. His lawyers' competence is also evident in the plea agreement they negotiated on his behalf. The agreement provided that the defendant should receive a three-level reduction for acceptance of responsibility and timely entry of the plea, which is significant because without this reduction, the applicable sentencing range would be *at least* 412-485 months' imprisonment which is significantly higher than the current range — 330-382 months. Further, given all the benefits of the plea agreement and the likelihood that he would not prevail at trial, the defendant would have been foolish to proceed to trial. The defendant cannot establish that his attorneys' representation fell below an objective standard of reasonableness. This factor does not weigh in favor of withdrawal.

   **5.    Prejudice to the government.**

The government will be deprived of the benefit of its bargain should the defendant be permitted to withdraw his guilty plea and proceed to trial. The withdrawal of the defendant's guilty plea will create an undue burden on the government. The events in this case occurred over three years ago. Because the defendant entered his plea agreement on October 17, 2023, when trial was set to commence, the passage of time would require the government to reassemble its case for a second time. It would need to expend considerable time and resources to prepare for and conduct a trial. The government released all witnesses when the defendant pled guilty, therefore, preparing for trial will include re-assembling witnesses in Kentucky, Illinois, North Carolina and in various places across this district. Accordingly, the government asserts that it would be prejudiced if the defendant is allowed to withdraw his plea and that this *Moore* factor militates in its favor.

   **6.    Any inconvenience to the judicial system.**

The government agrees with the defendant that courts are open for the disposition of justice. However, in a case like this one, where the defendant has not raised a triable defense and

8

has actually admitted his guilt, further proceedings do in fact constitute an "inconvenience" for the court. *See United States v. Sparks,* 67 F.3d 1145, 1153-54. Permitting the defendant to withdraw his plea would result in a waste of judicial resources and create an inconvenience in that it would require additional proceedings, including a trial, which would cause the government and the Court to expend considerable time and resources. To allow the defendant to withdraw his plea agreement at this late stage would simply result in more inconvenience to the Court and a further waste of judicial resources. This factor weighs against the defendant's request to withdraw his plea.

### III.  CONCLUSION

For the foregoing reasons, the Court should deny the defendant's motion to withdraw his guilty plea.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

BY:     */s/ Leesa Washington*
        Leesa Washington (Fed ID #06973)
        Benjamin N. Garner (Fed ID #11477)
        Assistant United States Attorney
        55 Beattie Place, Suite 700
        Greenville, South Carolina 29601
        Telephone: (864) 282-2100
        Email: Leesa.Washington@usdoj.gov

April 5, 2024