UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>*Plaintiff,*<br><br>v.<br><br>**LAWRENCE JOSEPH FLORENTINE,**<br><br>*Defendant.* | CRIMINAL ACTION NO.<br>6:22-CR-1012-DCC<br><br>**RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION FOR UPWARD DEPARTURE OR VARIANCE** |

The Government asks this Court to grant an upward departure or variance based on grounds unsupported by the facts of the case. The Government correctly points out the Court is not limited in its sentencing considerations and that it should sentence the Defendant to a sentence appropriately based on the maxim of a sentence "sufficient but not greater than necessary." Yet it then proceeds to ask this Court to grant the departure or variance on a limited view of the facts.

The Government's facts frame this case as a cold-blooded murder that was unexpected and based purely on Defendant's conduct, with no mention of the context of the crime. Defendant has laid out the relationship between the parties in detail in his sentencing memo and incorporates all arguments from that memo by reference.

The Government's motion suggests that the investigation in this case led to Greenville County law enforcement presenting this case to federal authorities. It leaves out the facts described in the memo. Defense counsel became aware Florentine's Kentucky murder charge was premised on a South Carolina killing. Through the defense investigation, counsel proved the killing occurred in South Carolina. The motion in Kentucky was based on what actually happened and was specifically geared towards the appropriate charges being filed in the correct jurisdiction.

The Government offers no credible support for a sentence that disregards the intent of both the United States Congress and the United States Sentencing Guidelines in

fashioning a proper sentence. As the United States Supreme Court has noted, punishment in the federal criminal system "… may work to promote not respect, but derision, of the law if the law is viewed as merely a means to dispense harsh punishment without taking into account the real conduct and circumstances involved in sentencing." *Gall v. United States,* 552 U.S. 38, 54 (2007). These are not frivolous words from the highest court, nor are they reflective of a maxim the Court can simply disregard. The Government asks this Court to disregard the sentencing scheme promulgated by the legislative branch and simply dispense harsh punishment disconnected from the facts of the case.

## ARGUMENT

It has long been the law in this Circuit that departures are judged under two factors: (1) whether the circumstances of the offense, supported by facts, were adequately taken into account by the sentencing guidelines; and (2) whether circumstances not taken into account by the guidelines support a departure in a specific case. *United States v. Hines,* 943 F.2d 348, 354 (4th Cir. 1991). This is logical. The advisory sentencing guidelines that apply to all federal criminal convictions account for various facts and consider the heartland of listed offenses. Nothing about this case warrants an upward departure and this Court should deny the Government's motion.

**The facts of this case do not warrant an upward departure for heinous conduct.**

The second-degree murder advisory guideline notes an upward departure may be appropriate if the defendant's conduct was "…exceptionally heinous, cruel, brutal, or degrading…" U.S.S.G. §2A1.1, cmt.1. The comment directs to a different section of the guidelines with the same language, adding the examples of "…torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation." U.S.S.G. §5K2.8.

As an initial matter, the plain language of the guidelines offers three specific ways the departure is appropriate, all of which involve the circumstances of the killing and actions taken prior to the death of the victim. To the extent the Government seeks to use post-death conduct to support the enhancement under the §2A1.1 commentary, that

reliance is foreclosed as plainly inconsistent with the text of the guidelines. *Stinson v. United States*, 508 U.S. 36. 43 (1993). Courts' reliance on agency interpretation (*Seminole Rock/Auer* deference) is now limited by Supreme Court precedent and no longer proper. *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019). There is nothing ambiguous about the text of the referenced guideline, and no deference is warranted. Under plain language, the upward departure ground cited by the Government does not apply and its application would be a legal error.

Even beyond the plain language (and relevant to any variance argument) there is no Fourth Circuit case that has departed upward under remotely similar circumstances. The cases cited by the Government demonstrate that this case is not appropriate for an upward departure on extreme conduct. For example, in *United States v. Gill* the Court pointed out the case was a robbery, but the shooting was carried out before any demand was made to the victim. 228 Fed. Appx. 282, 286-87 (4th Cir. 2007). The gratuitous infliction of injury supported the departure because the case involved the infliction of an injury that had no connection to the crime. *Id*. It is important to note the Court had also determined the shooting constituted an attempted murder for which the defendant was not charged, which meant the guidelines range did not take into account the conduct involved in the crime of conviction. *Id*. at 286.

The Government's reliance on *United States v. Gary* is also misplaced. 18 F.3d 1123 (4th Cir. 1994). The facts are not only entirely different, but they also show a counterpoint to this case that reveals why an upward departure would be an error. Gary targeted a woman he had a brief affair with, and who had been very supportive of him, for a campaign of terror that escalated over a long period of time with increasingly graphic threats. *Id*. at 1125. The sentence was vacated because it was not analytically supported by the district court. *Id*. at 1131. The court in *Gary* did what the Government is asking this Court to do – make up a big number and impose it without any logical underpinnings. In fact, the cases cited in *Gary* show how extraordinary the Government's request is. *Id*. at 1130-31 (collecting cases). In each case, the sentence was bigger than the guidelines

called for, but the guidelines were minimal. In each case, there were factors that the guidelines did not consider, making a departure sentence appropriate.

*Gary* instructs district courts that "[a]nalogies to similar offenses or aggravating circumstances may prove the best method for a principled determination of departures." Id. at 1131. It is policy choices in the guidelines that may justify a departure. *Id*. In other words, where the guidelines fail to account for the circumstances of a crime the Court can depart to make up for that failure. In this case, the guidelines account for all the factors the Government claims support a departure, or those factors are not properly linked to this issue.

**Florentine's criminal history adequately represents his record.**

Florentine had never been arrested until he met Nicole Zahnd. This is laid out in detail in the sentencing memo. The Government primarily relies on *United States v. Dixon* as "instructive" without relaying all the facts of that case. 318 F.3d 585 (4th Cir. 2003). The defendant in *Dixon* was an illegal alien who had previously been deported and returned to the United States without permission. *Id*. at 587. The departure was not based solely on the existence of other arrests. It was also based on the repeated use of fake names, fake social security numbers, and a consistent history of drug activity that constituted "a drug war against the United States." *Id*. at 588. It was uncounted criminal history that told that story, and that is why the departure was warranted.

The arrests in this case tell a story, too. But it supports the defense story, not the Government's. Larry Florentine was a law-abiding citizen until Zahnd introduced him to methamphetamine. The drugs led to a volatile relationship, which is the source of each one of these arrests. Larry's criminal history reflects a long law-abiding life. It also reflects a dramatic turn after being introduced to drugs – it does not support an upward departure. To the contrary, it supports the Defendant's requested sentence.

**No factors support an upward variance**

The Government spends a significant portion of its request discussing domestic violence. This is already accounted for in the guidelines. There is no evidence to support

the Government's claims that Larry has no remorse, does not appreciate the serious nature of his offenses, or that he somehow used interstate travel to try to escape responsibility in this case. In fact, the opposite happened. Larry is in front of this Court because of his repeated attempts to take responsibility in this case.

Additionally, the Government asks for a variance based on "obstruction of justice," claiming the obstruction in this case was some type of extraordinary obstruction. While the Government focuses on actions immediately after the crime, it disregards that just a week or so later Larry turned himself into police in Colorado. After bonding out the same day, he made no attempt to flee. In fact, he checked himself in to the VA Hospital which is clearly a place where law enforcement could easily find him. There is nothing in this case that suggests a variance should be based on obstruction of justice.

The rest of the grounds cited by the Government are addressed in the defense sentencing memo and the arguments in that memo support the Defendant's requests, not the Government. The request for an upward departure or upward variance should be denied.

Respectfully Submitted,

**_s/ Joshua Snow Kendrick_**
Joshua Snow Kendrick (Fed ID 9037)
KENDRICK & LEONARD, P.C.
7 Mills Avenue (29605)
P.O. Box 6938
Greenville, SC 29606
Tel: (864) 760-4000
Josh@KendrickLeonard.com

Ryan L. Beasley
RYAN L. BEASLEY LAW OFFICE
416 East North Street
Greenville, SC 29601
(864) 679-7777

Eric Eckes
PINALES STACHLER YOUNG & BURRELL
455 Delta Avenue, Suite 105
Cincinnati, OH
(513) 252-2750
*Pro hac vice*

-6-

        Greg Coulson
        COULSON LAW OFFICE
        157 N. Limestone
        Lexington, KY 40507
        (859) 412-1903
        *Pro hac vice*

        ATTORNEYS FOR THE DEFENDANT

April 5, 2024
Greenville, South Carolina